UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SYLVIA HANCOCK                                                                PLAINTIFF

VS.                                         CIVIL ACTION NO. 1:14CV49-GHD-DAS

COUNTY OF TISHOMINGO, MISSISSIPPI,
ET AL.                                                                        DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW** Defendants County of Tishomingo, Mississippi, Glenn Whitlock, in his individual and official capacity, Christeen Shipman,[1] in her individual and official capacity ("Defendants"), through counsel, and respectfully provide their Affirmative Defenses and Answer to Plaintiffs' Complaint ("Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Due Process protections of the U.S. Constitution. Further, Mississippi laws and procedures governing punitive damages are violative of the 6th

---

[1] For clarification purposes, Defendant Christeen Shipman's name is actually Kristina Shipman Vaughn.

PD.11613561.1

Amendment, 8th Amendment, the Due Process Clause and Equal Protection Clause of the 14th Amendment, and other provisions of the United States Constitution in Article III, Section 14 and other provisions of the Constitution of the State of Mississippi.

## FOURTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against Tishomingo County, or the individual Defendants sued in their official capacities.

## FIFTH AFFIRMATIVE DEFENSE

Defendants, in their individual capacities, are entitled to qualified immunity from Plaintiff's claims in that their conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate their damages, she is barred from recovery.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of judicial estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants plead any and all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not caused by a policy or custom of Tishomingo County, Mississippi. Therefore, there is no liability under federal law.

PD.11613561.1

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## ANSWER

Without waiving any of the aforementioned affirmative defenses, Defendants responds to the Complaint as follows:

Defendants admit that, in the first unnumbered paragraph beginning with "Comes now plaintiff," Plaintiff purports to bring this federal Complaint against the named Defendants. Defendants deny, however, that Plaintiffs are entitled to any relief whatsoever and denies each and every allegation contained in Plaintiffs' Complaint, except those which are herein expressly admitted.

## I.

## INTRODUCTION AND CAUSES OF ACTION

Defendants admit that, in Paragraph I of the Complaint, Plaintiff purports to bring this action for violations of the constitution and the Mississippi Tort Claims Act. Defendants deny, however, that any federal or state violations occurred, including the violations listed in subsections (1) through (17), and further deny that Plaintiff is entitled to any relief whatsoever.

## II.

## JURISDICTION

1. It is admitted that this Court has subject-matter jurisdiction, but all remaining allegations contained in Paragraph 1 of the Complaint are denied as calling for legal conclusions.

2. It is admitted that this Court has subject-matter jurisdiction, but all remaining allegations contained in Paragraph 2 of the Complaint are denied as calling for legal conclusions.

PD.11613561.1

## III.

## VENUE

3. It is admitted that venue is proper, but only that venue is proper in the Aberdeen District of the Northern District of Mississippi. All remaining allegations contained in Paragraph 3 of the Complaint are denied as calling for legal conclusions.

## IV.

## PARTIES

4. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and accordingly deny the same.

5. It is admitted that the County of Tishomingo, Mississippi is a political subdivision of the State of Mississippi, but all remaining allegations contained in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. It is admitted that Kristina Shipman Vaughn (referred to in the complaint as Christeen Shipman) is a former deputy with the Tishomingo County Sheriff's Department, but all remaining allegations contained in Paragraph 7 of the Complaint are denied.

## V.

## FACTS AND CAUSE OF ACTION

(1) The allegations contained in Paragraph V-(1) of the Complaint are denied.

(2) The allegations contained in Paragraph V-(2) of the Complaint are denied.

(3) The allegations contained in Paragraph V-(3) of the Complaint are denied.

(4) The allegations contained in Paragraph V-(4) of the Complaint are denied.

(5) The allegations contained in Paragraph V-(5) of the Complaint are denied.


(6) The allegations contained in Paragraph V-(6) of the Complaint are denied.

(7) The allegations contained in Paragraph V-(7) of the Complaint are denied.

(8) The allegations contained in Paragraph V-(8) of the Complaint are denied.

(9) The allegations contained in Paragraph V-(9) of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny the allegations contained within Paragraph V-(9).

(10) The allegations contained in Paragraph V-(10) of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny the allegations contained within Paragraph V-(10).

## COUNT 1

### VIOLATIONS OF 42 U.S.C. SECTION 1983 - ARREST

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 1 of the Complaint, including subsections (a) through (c), constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny the allegations contained within Count 1.

## COUNT 2

### VIOLATIONS OF 42 U.S.C. SECTION 1983 – DETENTION AND CONFINEMENT

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 2 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny the allegations contained within Count 2.

## COUNT 3

## VIOLATIONS OF 42 U.S.C. SECTION 1983 – CONSPIRACY

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 3 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny the allegations contained within Count 3.

## COUNT 4

## VIOLATIONS OF 42 U.S.C. SECTION 1983 – DETENTION AND CONFINEMENT

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 4 of the Complaint, including all paragraphs and subsections (a) through (c), constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 4.

## COUNT 5

## VIOLATIONS OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 5 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 5.

## COUNT 6

## VIOLATIONS OF THE FOURTEENTH AMENDMENT

## OF THE UNITED STATES CONSTITUTION

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 6 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 6.

## COUNT 7

## VIOLATIONS OF 11-46-1 ET SEQ MISS CODE ANN. (1972)

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 7 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 7.

## COUNT 8

## FALSE ARREST AND IMPRISONMENT

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 8 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 8.

## COUNT 9

## MALICIOUS PROSECUTION

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 9 of the Complaint

constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 9.

## COUNT 10

## MALICIOUS ABUSE OF PROSECUTION

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 10 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 10.

## COUNT 11

## CONSPIRACY

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 11 of the Complaint are denied.

## COUNT 12

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 12 of the Complaint are denied.

## COUNT 13

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 13 of the Complaint are denied.

PD.11613561.1

## COUNT 14

### GENERAL NEGLIGENCE

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 14 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 14.

## COUNT 15

### VIOLATIONS OF STATE CONSTITUTIONAL RIGHTS

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) of the Complaint. The allegations contained in Count 15 of the Complaint constitute a legal conclusion that require no answer. To the extent an answer is required, Defendants deny all of the allegations contained within Count 15.

## COUNT 16

### PUNITIVE DAMAGES AND ATTORNEYS' FEES

Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) and Counts 1 through 15 of the Complaint. The allegations contained in Count 16 of the Complaint are denied. Defendants further deny that Plaintiff is entitled to relief of any sort and submits that this lawsuit should be dismissed at the earliest stage possible.

## COUNT 17

### INCORPORATION OF FACTS AND ALLEGATIONS

Municipal Defendants hereby re-allege and incorporate herein their responses to Paragraphs V-(1) through V-(10) and Counts 1-16 of the Complaint. Defendants admit that, in Count 17, Plaintiff requests the issues involved in this complaint be decided by a jury.

PD.11613561.1

Defendants deny, however, that Plaintiff is entitled to a jury trial under the Mississippi Tort Claims Act and further deny that that Plaintiff is entitled to relief of any sort and submits that this lawsuit should be dismissed at the earliest stage possible.

Defendants deny the allegations contained in the unnumbered paragraph beginning with, "WHEREFORE, Plaintiff, Sylvia Hancock, . . . ." and further deny that Plaintiff is entitled to relief of any sort and submits that this lawsuit should be dismissed at the earliest stage possible.

**WHEREFORE, PREMISES CONSIDERED**, having answered the allegations contained in the Complaint filed against them and having set forth their affirmative defenses herein, Defendants, County of Tishomingo, Mississippi, Glenn Whitlock, and Christeen Shipman deny they are liable to Plaintiff or anyone else for any damages or relief whatsoever and respectfully request that the Complaint filed against these Defendants be dismissed with prejudice in its entirety and that Plaintiff and her counsel take nothing of or from Defendants.

Dated: June 30, 2014

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: /s/ *Krissy C. Nobile*
Krissy C. Nobile, MS Bar 103577
Gary E. Friedman, MS Bar No. 5532
Post Office Box 16114
Jackson, MS 39211-6391
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: caseyk@phelps.com
friedmag@phelps.com

**ATTORNEYS FOR DEFENDANTS**

PD.11613561.1

## CERTIFICATE OF SERVICE

I, Krissy C. Nobile, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Thomas H. Comer, Jr., Esq.
Comer Law Firm
P. O. Box 24
Booneville, MS 38829

SO CERTIFIED, this the 30th day of June, 2014.

/s/ *Krissy C. Nobile*
Krissy C. Nobile

PD.11613561.1